UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cr-40040-SLD-2 |
| | ) | |
| EARL LEONARD NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are Defendant Earl Leonard Nelson's *pro se* motion for compassionate release, ECF No. 62, and motion to request counsel, ECF No. 63. For the reasons that follow, the motions are DENIED.

**BACKGROUND**

On June 25, 2019, Defendant was sentenced to 262 months of imprisonment for conspiracy to distribute and possession with intent to distribute at least 50 grams of actual methamphetamine. Judgment 1–2, ECF No. 48. He is serving his sentence at Federal Correctional Institution ("FCI") La Tuna and has a projected release date of June 15, 2038. *See Find an inmate*, Fed. Bureau of Prisons ("BOP"), www.bop.gov/inmateloc/ (search for Earl Leonard Nelson) (last visited Nov. 9, 2022). In October 2022, he filed a *pro se* motion asking for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), often referred to as the compassionate release statute. *See* Mot. Compassionate Release 1. His motion consists of forty-three pages of mostly case cites interspersed with arguments (the cases are from all over the country and span from 2020 to more recent), *id.* at 1–43, ECF No. 62–62-2; twenty-one pages discussing COVID-19 generally and at FCI La Tuna specifically, ECF No. 62-3–62-4 at 4; various attachments

about COVID-19, ECF No. 62-4 at 5–7; the warden of FCI La Tuna's response to Defendant's request for compassionate release, ECF No. 62-4 at 8; a summary of Defendant's medical records, ECF No. 62-5 at 1–2; Defendant's medical records, ECF No. 62-5 at 3–23; and Defendant's reentry plan and arguments and exhibits about computation of his sentence, ECF No. 62-7.  The Court understands Defendant to be arguing that he has established extraordinary and compelling reasons for release because of the COVID-19 pandemic and because he may have been sentenced to less time if sentenced today.  Mot. Compassionate Release 1, 2, 36–40.  Defendant later filed a motion requesting that the Court appoint counsel to represent him with respect to the compassionate release motion.  *See* Mot. Request Counsel 1.[1]

## DISCUSSION

### I.    Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances.  18 U.S.C. § 3582(b).  As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

---

[1] The Court erroneously appointed counsel to Defendant on September 19, 2022.  *See* Sept. 19, 2022 Text Order.  It relied on an administrative order which provides for appointment of counsel to defendants moving for relief under § 404 of the First Step Act.  *See id.*  The Court vacated this appointment on October 4, 2022.  *See* Oct. 4, 2022 Text Order.

*Id.* § 3582(c)(1)(A)(i).² "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

II.   Analysis

  a.   COVID

The Seventh Circuit has held that "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Broadfield*, 5 F.4th at 803. "A prisoner who can show that he is unable to receive or benefit from a vaccine," however, may still seek compassionate release based on COVID-19. *Id.* The prisoner must present "individualized medical evidence of special vulnerability to severe infection despite his vaccination." *United States v. Clinton*, No. 22-1005, 2022 WL 2298178, at *1 (7th Cir. June 27, 2022) (citing *Broadfield*, 5 F.4th at 803, and *United States v. Kurzynowski*, 17 F.4th 756, 761 (7th Cir. 2021)); *see United States v. Newton*, 37 F.4th 1207, 1209 (7th Cir. 2022) ("Th[e] safety valve [established in *Broadfield*] permits federal prisoners to make motions with newly proffered individualized facts based on concerns like Omicron breakthrough cases, long COVID, or the relative inefficacy of vaccines for certain vulnerable prison populations, like the immunocompromised.").

Defendant argues that the combination of the COVID-19 pandemic, his underlying health conditions, ineffectiveness of vaccines, the possibility of reinfection and breakthrough cases, and the conditions at FCI La Tuna constitute an extraordinary and compelling reason for release. *See*

---

² The statute also states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But the Seventh Circuit has held that there is currently no applicable policy statement with which a sentence reduction requested by a defendant under § 3582(c)(1)(A) must be consistent. *See United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).

Mot. Compassionate Release 1–2. His medical records confirm that he has several health conditions which are recognized by the Centers for Disease Control and Prevention ("CDC") as increasing his risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 19, 2022) (obesity, cardiomyopathy, and chronic kidney disease, for example). But those records also confirm that he has received four doses of a COVID-19 vaccine. Though Defendant discusses some articles showing that breakthrough infections and deaths are still possible despite vaccination, the articles do not provide individualized evidence that he remains at risk for severe illness despite his course of vaccination. *Cf. United States v. Jackson*, Nos. 21-3335 & 22-1668, 2022 WL 4244894, at *1 (7th Cir. Sept. 15, 2022) ("Even if immunocompromised individuals might not develop an adequate immune response from vaccination, Jackson still needed to submit evidence suggesting that he is unable to benefit from the vaccine."). Moreover, according to the BOP, there are no active cases of COVID-19 at FCI La Tuna right now. *See COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (scroll to COVID-19 cases and click on "Full breakdown and additional details") (last visited Nov. 9, 2022). Accordingly, the Court finds that Defendant has not established an extraordinary and compelling reason for release based on the COVID-19 pandemic.

    b. **Sentencing Disparity**

Defendant also vaguely argues that he would have been sentenced to less time if sentenced today. *See* Mot. Compassionate Release 36–41. It is not clear why, but, regardless, this type of sentencing disparity is not an extraordinary and compelling reason for release. *See, e.g., United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021) (holding that "the discretionary

sentencing reduction authority conferred by § 3582(c)(1)(A) does not permit . . . the reduction of sentences lawfully imposed before" a non-retroactive change in sentencing law is enacted); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) ("[A] claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release.").

Finding that Defendant has failed to establish an extraordinary and compelling reason for release, the Court denies his request for compassionate release.

## CONCLUSION

Accordingly, Defendant Earl Leonard Nelson's *pro se* motion for compassionate release, ECF No. 62, is DENIED.  The motion to request counsel, ECF No. 63, is DENIED because the Court does not find that Defendant has identified any potential reasons for compassionate release that warrant further exploration.

Entered this 9th day of November, 2022

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE